Margaret E. Mabie
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th Floor
New York, NY 10001
margaretmabie@marsh.law
Tel: (212) 372-3030

*Attorney(s) for the Plaintiffs*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| "JENNY," "SLOANE," "JOE DOE" as the Executor for the Estate of "ANDY," "APRIL," "VIOLET," AND "PIA"<br><br>             Plaintiffs,<br><br>v.<br><br>AVRAHAM EISENBERG,<br><br>             Defendant. | Case No: _____<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

The Plaintiffs, on their own behalf and through their representatives, through their attorneys of record Margaret E. Mabie of Marsh Law Firm, PLLC allege for their complaint as follows:

**NATURE OF THE ACTION**

1.  This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statute 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

2.    18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

**PARTIES**

3.    "Jenny" is an adult and resides outside the Southern District of New York. "Jenny" is a pseudonym for the victim depicted in the Jenny child pornography series.

4.    "Sloane" is an adult and resides outside the Southern District of New York. "Sloane" is a pseudonym for the victim depicted in the Tara child pornography series.

5.    "Andy" was an adult and resided outside the Southern District of New York. "Andy" is a pseudonym for the victim depicted in the SpongeB child pornography series. "Joe Doe" is a pseudonym for the administrator of the estate for the victim depicted in the SpongeB child pornography series.

6.    "April" is an adult and resides outside the Southern District of New York. "April" is a pseudonym for the victim depicted in the Aprilblonde child pornography series.

7.    "Violet" is an adult and resides outside the Southern District of New York. "Violet" is a pseudonym for the victim depicted in the At School child pornography series.

8.    "Pia" is an adult and resides outside the Southern District of New York. "Pia" is a pseudonym for the victim depicted in the Sweet White Sugar child pornography series.

9.    The Plaintiffs are persons or representatives of the estates of persons who were sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from Defendant's possession. Defendant Avraham Eisenberg (hereinafter "Defendant") is an adult who, upon information and belief, did reside at all times material hereto, and continues to be domiciled within the State of New York and is currently incarcerated in New York.

## JURISDICTION AND VENUE

10.    Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

11.    Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

### The Defendant was Convicted of Possession of Child Pornography in Violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

12.    Defendant was charged in the United States District Court, Southern District of New York, in the matter denominated *United States v. Avraham Eisenberg*, (S.D.N.Y.) Case No. (24-cr-00251-AS) with the crime of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). This crime was alleged to have been committed in or about 2017 through at least in or about 2022 in the Southern District of New York and elsewhere.

13.    On April 3, 2024, Defendant pleaded guilty to possession of child pornography as charged and was sentenced with a judgment with a date of imposition of May 1, 2025 and signed by the Court on May 9, 2025.

14.    The Court, in its judgment with a date of imposition of May 1, 2025 and signed by the Court on May 9, 2025, ordered Defendant to pay restitution as set forth in the criminal judgment.

**Plaintiffs are Victims of Defendant's Crime of Possession of Child Pornography**

15.     Plaintiffs and their representatives have elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies.

16.     On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report. On March 4, 2025, Plaintiffs first received notice from VNS that their child pornography images were among those possessed by Defendant in violation of federal child pornography law.

17.     Plaintiffs, by and through their designated representatives under 18 U.S.C. 3509(m) have verified that each of them is depicted as a child engaged in sexual conduct as defined by 18 U.S.C. 2256(8) in the images seized from Defendant by law enforcement.

**CLAIM FOR RELIEF**

**Civil Remedy under 18 U.S.C. § 2255(a)**

18.     The Plaintiffs repeat and re–allege all prior paragraphs.

19.     18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who, while a minor, is a victim of a violation of 18 U.S.C. § 2252 or § 2252A and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

20. The Defendant pleaded guilty to the predicate federal child pornography crime found at 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

21. 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) provides that any person commits a federal crime who:

knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

(b)(2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under the Uniform Code of Military Justice or the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

22. Plaintiffs were and are victims of Defendant's violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

23. The Defendant victimized and committed criminal violations against the victim depicted in the "Andy" child pornography series prior to the death of the victim depicted in the series and caused him harm during his life.

24. The Plaintiffs are each entitled to liquidated damages in the amount of $150,000 together with the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest.

25. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs request judgment against the Defendant as follows:

26.     Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

27.     Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

28.     Litigation costs pursuant to 18 U.S.C. § 2255(a); and

29.     Pre-judgment and post-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated: July 1, 2026 at New York, N.Y.

**MARSH LAW FIRM PLLC**

By: _____
Margaret E. Mabie
31 Hudson Yards, 11th Floor
New York, NY 10001
margaretmabie@marsh.law
Tel: (212) 372-3030

*Attorney for Plaintiffs*