MARGARET E. MABIE [5760731]
margaretmabie@marsh.law
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NEW YORK 10001
TELEPHONE: (212) 372-3030

*Attorney for the Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

"JENNY," "SLOANE," "JOE DOE" as the Executor for the Estate of "ANDY," "APRIL," "VIOLET," AND "PIA"

Plaintiffs,

Case No. 1:26-cv-05618

-against-

**MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. PROC. 55 (b)(2)**

AVRAHAM EISENBERG,

Defendant.

**MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. PROC. 55 (b)(2)**

On November 23, 2026, the Plaintiffs filed their request to the Deputy Clerk for an entry of a certificate of default against Defendant Avraham Eisenberg after he failed to appear and timely respond to the summons and complaint or otherwise to defend this action. Plaintiffs now move the Court for a default judgment with an award of liquidated damages pursuant to 18 U.S.C. § 2255 and Fed. R. Civ. P. 55(b)(2).

## RELEVANT FACTS

Defendant was charged in the United States District Court Southern District of New York, in the matter denominated *United States v. Avaraham Eisiberg* with child pornography crimes in which Plaintiffs are the victims. He has pleaded guilty to these crimes and served a prison sentence. The plaintiffs in this civil action brought claims pursuant to 18 U.S.C. § 2255, ("Masha's Law") to seek damages caused by the Defendant to Plaintiffs – the victims of the Defendants' criminal violations.

Masha's Law provides that victims of such a crime may, at their option, recover either actual damages or $150,000 in liquidated damages, as well as the cost of the action, including reasonable attorneys' fees and other litigation costs reasonably incurred. Here, Plaintiffs filed their Masha's law complaint on July 1, 2026, and have each elected to receive liquidated damages in the amount of $150,000 per plaintiff for a total "sum certain" of damages that amounts to $900,000. (ECF No. 1). Defendant was served on September 23, 2026, and once again October 16, 2026. (ECF Nos. 4, 11). Defendants' deadline to file an Answer to Plaintiffs' Complained expired on November 6, 2026. Defendant has failed to appear, to respond to the summons or otherwise to defend the action. Nor has Defendant attempted any communication with Plaintiffs' counsel.

As of the date of this motion, Defendant has filed no answer or responsive pleading in this case, or otherwise defended the action. Nor has Defendant attempted any communication with Plaintiffs' counsel. As such, Plaintiffs file this instant action requesting a default judgment for the sum certain statutory damages pursuant to Fed. R. Civ. P. 55(b)(2)

## ARGUMENT

### I. <u>Plaintiffs are Entitled to a Default Judgment Against Defendant</u>

Fed. R. Civ. P. 55 provides that after the Clerk has entered a default, a party must apply to the Court for a default judgment where the claim is not for a sum certain or a sum that can be made certain by computation. *See Grice v. McMurdy*, 2020 WL 90770, *2 (W.D.N.Y. Jan. 8, 2020). In this case, the amount Plaintiffs seek is a sum certain and can be made by computation. Indeed, the Masha's Law statute serves as the "operation of law" fixing damages in this case at a sum certain of $150,000 per victim. However, Plaintiffs nonetheless file this motion to the Court for approval of their requested damages. *See Ace Grain Co. v. American Eagle Fire Ins. Co. of N.Y.*, 11 F.R.D. 364, 266 (S.D.N.Y. 1951); *American Home Mortg. Corp. V. America's Choice Marketing, Inc.*, 2008 WL 919598, at *4 (E.D.N.Y. March 20, 2008) (finding that Plaintiff's request for default judgment was for a sum certain); S. Baicker-McKee and W. M. Jansen, *Federal Civil Rules Handbook* at 1156 (2022)("A claim is [is] a 'sum certain' under Rule 55 [when] there is no doubt as to the amount that must be awarded, that the amount due is beyond question . . . .") (internal citations omitted) (cleaned up). Plaintiffs, here, seek such a sum certain in liquidated damages alone.

## II. Procedural History of Service

Plaintiffs filed their Masha's law complaint on July 1, 2026, and have each elected to receive liquidated damages in the amount of $150,000 per plaintiff for a total "sum certain" of damages that amounts to $900,000. (ECF No. 1). When Plaintiffs first commenced this action, the Defendant had been incarcerated in federal custody at 201 Varick Street Room 489, New York, NY, 10014. Defendant was released on September 5, 2026. On September 23, 2026 our process server completed mail service on the Defendant at his last known address at 3 Litman Lane, Suffern, New York 10901-2010. Our Office filed the Proof of Service by Mail on September 28, 2026. (ECF No. 4). On August 31, 2026, counsel for Plaintiffs contacted the

Defendant's prior criminal and appellate counsel via email and did not receive any response. Plaintiffs requested an extension of time to complete further service of process on September 29, 2026, and this Court granted that request.

On October 16, 2026, our process server again completed mail service on the Defendant at his last known address at 3 Litman Lane, Suffern, New York 10901-2010. Our Office filed the Proof of Service by Mail on October 29, 2026. (ECF No. 7). Again, On November 12, 2026, our firm forwarded this Court's November 9, 2026, Order to the Defendant's counsel in their associated criminal matter and Second Circuit Matters received a response indicating they do not represent the Defendant.

In summary, Defendant was served on September 23, 2026, and once again October 16, 2026. (ECF Nos. 4, 11). Defendants' deadline to file an Answer to Plaintiffs' Complained expired on November 6, 2026. Defendant has failed to appear, to respond to the summons or otherwise to defend the action. Nor has Defendant attempted any communication with Plaintiffs' counsel. Nor has this defendant moved for an extension of time to answer or respond to the complaint. Defendant Avraham Eisenberg is not an infant or incompetent. Defendant Avraham Eisenberg is not currently serving in the United States military.

## III. Service By Mail is Proper

Plaintiffs made a good faith effort to effectuate service on the Defendant on multiple occasions. Plaintiffs completed six attempts to serve the Defendant and two successful completions of service by mail. (ECF Nos. 4, 7). Plaintiffs made multiple attempts locate and serve the Defendant in prison as well as at his last known address. Plaintiffs also made several attempts to contact his criminal counsel and appellate counsel via mail and email.

Plaintiffs made a good faith effort to give the Defendant every reasonable opportunity to defend these claims. As case law in this district supports, Plaintiffs contend that service by mail in this action is proper given that a "larger number of courts within the Second Circuit [have] adopted the position that Article 10(a) authorizes the 'service of process' ... by mail[.]" *Warren v. Cox,* No. 25-CV-6384 (JGLC), 2026 WL 2225254, at *3 (S.D.N.Y. Aug. 3, 2026) *quoting Zhang v. Lo*, No. 14-CV-6945 (CM), 2020 WL 2133163, at *7 (S.D.N.Y. May 5, 2020). Indeed, "Courts in the Second Circuit have exercised discretion to deem service of process properly perfected when a litigant makes a good faith effort to comply with the service requirements[.]" *W.J. Deutsch & Sons Ltd. v. Zamora*, No. 21-CV-11003 (LTS), 2023 WL 5609205, at *5 (S.D.N.Y. Aug. 30, 2023); *see Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2d Cir. 2005). For these reasons, Plaintiffs assert that they properly served the Defendant for a second time on October 16, 2026 and filed their second proof of service filed on October 29, 2026 (ECF 7). Thus, the Defendant's time to Answer Plaintiffs' complaint expired on November 6, 2026.

For these reasons and those stated throughout, Plaintiffs request that this Court enter a Default Judgment against Defendant Avraham Eisenberg because service was properly effectuated on October 16, 2026. (ECF No. 7).

## IV. The Sole Defendant Avraham Eisenberg Defaulted All Plaintiffs

The Defendant Avraham Eisenberg is the sole Defendant in this action and is the only Defendant against which the six Plaintiffs seek an Entry of Default and Default Judgment.

## V. Plaintiffs are Each Entitled to Statutory Liquidated Damages of $150,000

Masha's law provides for the award of statutory liquidated damages in the amount of $150,000 (rather than actual damages) and in this case the Plaintiffs have foregone the option of

seeking actual damages as well as any request for the "costs of the action including reasonable attorneys' fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255. Here, each Plaintiff has opted to receive liquidated damages in the amount of $150,000. (ECF No. 01). Courts in this District are empowered to use statutory liquidated damages provisions to calculate liability in a default judgment. *See Tackie v. Keff Enters. LLC,* No. 14-CV-2074 JPO, 2014 WL 4626229, at *4 (S.D.N.Y. Sept. 16, 2014) *citing Gurung v. Malhotra,* 851 F.Supp.2d 583, 592 (S.D.N.Y.2012). For these reasons, and those stated throughout, each of the six Plaintiffs seek a default judgement against Defendant Avraham Eisenberg for $150,000 each, with a total of $900,000 in liquidated damages.

## VI. <u>Plaintiffs' Request for Statutory Liquidated Damages Requires No Inquest</u>

No damages inquest is required in this case, though Plaintiffs do not object to such an inquest should this Court require it. The Plaintiffs here seek only liquidated damages under Masha's law, a remedial civil statute which provides for the award liquidated damages in the amount of $150,000. 18 U.S.C. § 2255. In this case, each of the six Plaintiff has opted to receive liquidated damages in the amount of $150,000. (ECF No. 01). This Court may easily calculate the amount certain requested by each Plaintiff using simple multiplication of $150,000 x 6 = $900,000. Thus, no damages inquest is required. Together the six Plaintiffs seek a default judgement against Defendant Avraham Eisenberg for a total of $900,000 in liquidated damages.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully move for a default judgment in the amount of $150,000 per Plaintiff and for a total of $900,000, and for such other and further relief as the Court deems just and proper.

Dated: November 23, 2026

Respectfully submitted,

**MARSH LAW FIRM PLLC**

/s/ Margaret E. Mabie
Margaret E. Mabie
James R. Marsh
31 Hudson Yards, 11th Floor
New York NY 10001
Telephone: (929) 232-3235
Email: margaretmabie@marsh.law

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

"JENNY," "SLOANE," "JOE DOE" as the Executor for the Estate of "ANDY," "APRIL," "VIOLET," AND "PIA"

Plaintiffs,

Case No. 1:26-cv-05618

-against-

**CERTIFICATE OF SERVICE**

AVRAHAM EISENBERG,

Defendant.

I, Margaret E. Mabie, request hereby certify that a true and correct copy of the foregoing document was filed via CM/ECF. Further, I certify that I caused a copy of this document to be mailed to the Defendant, Avraham Eisenberg, on November 23, 2026 at the following address:

Avraham Eisenberg
3 Litman Lane
Suffern, New York 10901-2

Dated: November 23, 2026
New York, New York

Margaret E. Mabie

Margaret E. Mabie, Esq.